# IN THE COURT OF APPEALS OF IOWA

No. 24-1684
Filed August 6, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**TAMMY MARIE STEINER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buena Vista County, Shayne Mayer, Judge.

A defendant appeals her sentence following a guilty plea. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In a written guilty plea for forgery, Tammy Steiner admitted that she fraudulently wrote a check on another person's closed bank account without that person's permission. Steiner's husband, David, then tried to use that check to buy auto parts, which led to the couple's arrest.

At her sentencing hearing, Steiner argued that her life "spiraled downhill" after she met David—who was physically and emotionally abusive. Despite Steiner's plea for leniency because of that relationship, the district court sentenced her to an indeterminate term of five years in prison. Steiner appeals,[1] claiming the court abused its discretion by considering an improper factor: her "continued relationship with an abusive romantic partner."

Because there is no dispute that Steiner's sentence is within the statutory limits, we review the district court's decision for an abuse of discretion. *See State v. Martin*, 2 N.W.3d 271, 275 (Iowa 2024). "Our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds. That said, a sentencing court abuses its discretion when it relies on improper factors to reach a sentence." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up).

The presentence investigation report detailed Steiner's criminal history and noted that in her account of the offense, she stated the crime was committed "under duress of domestic violence" from David. Steiner reported that they were

---

[1] Because Steiner received a sentence "that was neither mandatory nor agreed to as part of her plea bargain," she has good cause to appeal under Iowa Code section 814.6(1)(a)(3). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

still in a relationship, which was "getting better now that he is sober." The author of the report recommended incarceration, citing "concerns of the Defendant reoffending due to her recent criminal history and her not taking full accountability of her actions." The State adopted that recommendation at the sentencing hearing, arguing Steiner had shown that rehabilitation in the community "is simply not an option."

Steiner, however, told the court that she was "not using my toxic relationship with David as an excuse" but instead "trying to provide the court" with "a full picture of the circumstances that I was living in that made me make the poor decisions that I did." She maintained that her relationship with David had recently ended due to his incarceration and that she could now be successful on probation—even though she committed her current offense while on probation for a different forgery charge. But when questioned by the court and the prosecutor, Steiner acknowledged that she had appeared in court with David the month before.

The district court considered these circumstances in imposing a prison sentence, explaining to Steiner:

> I've also considered the fact that you've been on probation twice—formal probation twice both with what I understand to be a deferred judgment on domestic abuse assault and a similar offense, that being forgery out of Kossuth County, also a nonviolent property crime which is probably why you were granted probation in that file. And since being granted probation in both of those files, it appears to me, for reasons that I think I can understand, you haven't done anything to address the underlying issue which is your trauma, abuse and your involvement in what you now sit here today and tell me you acknowledge is an abusive relationship. It concerns me that less than a month ago you were here with the very person that you're telling me now in part played a role in where you're at. And I don't have a reason to doubt that. I don't have a reason to doubt that Mr. Steiner is a bad influence, the toxicity of that relationship has in part played a role in why you're here today. *But I can't tell the public*

*that you don't deserve some sort of consequence for your involvement with somebody. Others shouldn't have to pay and be concerned about you in the community because you've involved yourself with someone who is clearly toxic.*

(Emphasis added.)

Steiner highlights the italicized language, arguing that it shows the court "improperly determined that her continued relationship with an abusive romantic partner was an aggravating factor weighing in favor of a prison sentence." We reject this argument for two reasons.

First, we have held that it is generally "not impermissible for the sentencing court to consider a defendant's personal relationships in imposing sentence." *State v. Zeien Cox*, No. 17-0428, 2017 WL 6513976, at *1–2 (Iowa Ct. App. Dec. 20, 2017) (finding a defendant's "intimate relationship with a man subject to an arrest warrant" was a permissible aggravating factor, but remanding for resentencing because the court relied on facts unsupported by the sentencing record); *see also* Iowa Code § 907.5(1) (Supp. 2023) (authorizing the sentencing court to consider the "defendant's family circumstances" and "other factors as are appropriate"); *id.* § 901.3(1)(b) (requiring the presentence investigation report to consider a defendant's "social history"). "The quality of the defendant's social network and support system—whether considered as 'family circumstances,' 'social history,' or 'other factors as are appropriate'—bears directly on the issue of whether the defendant will succeed under supervised probation and thus whether supervised probation is an appropriate sentence." *Zeien Cox*, 2017 WL 6513976, at *2.

Second, when the court's remarks are reviewed in the context of the sentencing hearing, it is apparent they were made in response to Steiner's argument that her relationship with David was a mitigating factor. As the State argues, the court was not "calling an abusive relationship an 'aggravating' sentencing factor." Instead, the court was simply weighing "the mitigating effect of Steiners' toxic relationship different[ly] from how Tammy would weigh it." Because the "district court's authority to weigh the competing factors to reach a sentencing decision is the essence of the discretion given to a sentencing judge," and because nothing in the record suggests that Steiner's sentence was based on unreasonable or untenable grounds, we affirm her sentence. *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023).

**AFFIRMED.**